IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN S. KNEBEL,

        Plaintiff,

        v.

ST. HELENS COMMUNITY FEDERAL
CREDIT UNION,

        Defendant.

No. 3:13-cv-00208-HZ

OPINION & ORDER

Steven S. Knebel
32501 NW E.J. Smith Road
Scappoose, OR 97056

    Pro Se Plaintiff

Brad C. Stanford
Harold B. Scoggins, III
Margot D. Lutzenhiser
FARLEIGH WADA WITT, PC
121 SW Morrison Street, Ste 600
Portland, OR 97204-3136

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Michael Steven Schagunn, pro se, filed this action against St. Helens Community Federal Credit Union alleging that on September 4, 2012, Defendant violated its bylaws by improperly conducting an election concerning the recall of five of the seven members of Defendant's Board of Directors.[1]  Compl., ¶ 5.  Plaintiff seeks a declaration that the September 4, 2012, election results in a recall of five of the board members and that the remaining two board members are to appoint the replacements for the five recalled board members.  Id., Prayer for Relief, ¶¶ 1-2.

Now before me is Defendant's motion to dismiss (doc. #4) for lack of subject matter jurisdiction pursuant to rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.  Also before me is Plaintiff's motion for leave to file a surreply (doc. #18).  For the reasons that follow, Defendant's motion to dismiss is GRANTED and Plaintiff's motion to file a surreply is DENIED.

## STANDARDS

**I. Motion to Dismiss Pursuant to Rule 12(b)(1)**

"[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court.  It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico, 880 F.2d 199,

---

[1] "A federal credit union is a cooperative association organized . . . for the purpose of promoting thrift among its members and creating a source of credit for provident or productive purposes. The board of directors has the general direction and control of the affairs of a federal credit union." Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1129 n.2 (9th Cir. 1994) (internal quotation marks and citations omitted).

201 (9th Cir. 1989) (internal citations omitted). A district court does not abuse its discretion by "looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." Id.

**II. Motion to Dismiss Pursuant to Rule 12(h)(3)**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." Id. Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.P. 12(h)(3).

**DISCUSSION**

**I. Motion to Dismiss**

    **A. Private Right of Action**

Defendant argues that this action must be dismissed because the Federal Credit Union Act ("FCUA"), 12 U.S.C. §§ 1751-1795k, does not create a private right of action for Plaintiff under the circumstances here. I agree.

Pursuant to the FCUA, the National Credit Union Administration ("NCUA") is to promulgate "standard-form by-laws" and federal credit unions must adopt those bylaws. See 12 U.S.C. § 1758[2]; see also Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citing 12 U.S.C. § 1758). Here, Plaintiff's sole claim for relief alleges Defendant violated its bylaws and "has refused to comply with [its] bylaws". Compl., ¶¶ 5-11. Federal courts lack subject matter jurisdiction over such claims. See Bruns v. National Credit Union Admin., 122

---

[2] 12 U.S.C. § 1758 provides:
    In order to simplify the organization of Federal credit unions the Board shall from time to time cause to be prepared a form of organization certificate and a form of bylaws consistent with this chapter, which shall be used by Federal credit union incorporators, and shall be supplied to them on request.

3 - OPINION & ORDER

F.3d 1251, 1257 (9th Cir. 1997) (holding that the court lacked subject matter jurisdiction over plaintiff's claim that the Health Associates Federal Credit Union had violated its bylaws).

### B. Application of Grable

Plaintiff contends that under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 317-18 (U.S. 2005), "[t]he absence of a private right of action should be viewed as 'ambivalence' on the part of Congress, rather than intent to deny jurisdiction entirely, and is not a bar to entry into the federal courts." Resp., p. 6. Plaintiff's reliance on Grable misses the mark. The issue before the Supreme Court in Grable was "whether want of a federal cause of action to try claims of title to land obtained at a federal tax sale preclude[d] removal to federal court of a state action with nondiverse parties raising a disputed issue of federal title law." Id. at 310. The issue in Grable is clearly distinguishable from the issue now before me. Suffice it to say, the Supreme Court in Grable did not address the issue of whether the FCUA creates a private right of action, let alone whether a member of a federal credit union challenging a Board of Director election has a private right of action. Grable is not applicable under the circumstances here.

### C. Bylaws As A Contract Between Members and Their Credit Union

Defendant argues that Plaintiff's Complaint must be dismissed because it alleges that Defendant failed to follow its bylaws, which under the NCUA, is merely a contractual dispute based on state law. Plaintiff concedes that Defendant's bylaws "form [a] contract between the parties", but asserts that the bylaws "have the status of federal law" because the "[NCUA] incorporated the Federal Credit Union Bylaws into its regulations in 2007", citing 12 C.F.R. 701.2. Resp., pp. 2-3, 5. Plaintiff asserts that his position is supported by the language of 72 FR 30985 and a letter sent on March 29, 2013, by the NCUA. Plaintiff's arguments fail.

### 1. 12 C.F.R. 701.2

12 C.F.R. 701.2 became effective on November 30, 2007.  It states that "Federal Credit Union Bylaws are hereby published as Appendix A to part 701 pursuant to 5 U.S.C. 552(a)(1) and accompanying regulations" and that federal credit unions are to "operate in accordance with their approved bylaws".  12 C.F.R. 701.2(a).  The plain language of 12 C.F.R. 701.2 does not establish that Federal Credit Union Bylaws, let alone Defendant's bylaws, create a private right of action.

### 2. 72 FR 30985

72 FR 30985 also supports the conclusion that there is no private right of action under the circumstances here.  72 FR 30985 states that the "NCUA continues to maintain members can enforce the bylaws as a contract".  It also states that the Federal Credit Union Bylaws were reincorporated into NCUA's regulations to ensure federal credit unions and their members were "aware of NCUA's authority to issue and enforce the Bylaws under the Act."  Id.  72 FR 30985 further states that "credit unions and their members should be able to resolve bylaw disputes without NCUA taking administrative action" and that "[i]n those rare cases where disputes cannot be resolved, NCUA will have clear authority to use a range of administrative actions."  Id.

The language of 72 FR 30985 simply shows that reincorporation of the Federal Credit Union Bylaws into NCUA's regulations was to clarify that the NCUA has the authority to address bylaw disputes between members and their credit unions.  The language does not support the determination that Plaintiff may pursue a private right of action in this instance.

/ / /

5 - OPINION & ORDER

### 3. NCUA Letter

Finally, the NCUA's letter also supports the conclusion that Plaintiff does not have a private right of action to enforce Defendant's bylaws.  Here, the letter submitted by Plaintiff shows that on March 29, 2013, the NCUA sent a letter to Steven Bisker, Attorney at Law, stating that the "NCUA incorporated the FCU Bylaws into its regulations in 2007, in part to clarify NCUA's authority to take action on bylaw violations."  Resp., Ex. 1, p. 1.  The letter further states that the "NCUA has full authority to interpret and enforce the FCU Bylaws" and that although "[s]tate law has no role where the FCU Bylaws are clear and unambiguous", the "NCUA may choose to defer to state law on certain issues where the FCU Act and FCU Bylaws are silent or sufficiently ambiguous to warrant state law consideration."  Id., p. 2.  Nothing in this language supports the conclusion that Defendant's bylaws confers a private right of action to enforce the terms of Defendant's bylaws.

In sum, even assuming as true that Defendant's bylaws "have the status of federal law", I find no authority–and Plaintiff cites none–establishing that incorporating federal credit union bylaws into federal regulations or a contract, as here, provides Plaintiff a private right of action in federal court.

### D. The Declaratory Judgment Act

Lastly, Plaintiff contends that this Court has subject matter jurisdiction over this action because the Complaint alleges that there is a "justiciable controversy over which this Court has jurisdiction under the Declaratory Judgment Act, 28 USC§§ 2201-2202."  Compl., ¶ 8; Resp., pp. 8-9.  Plaintiff's argument is unavailing.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, "applies only if federal jurisdiction independently exists."  Gritchen v. Collier, 254 F.3d 807, 811 (9th Cir. 2001).  As

discussed above, Plaintiff fails to establish that this Court has subject matter jurisdiction over his Complaint. Merely stating in his Complaint that this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, by itself, is insufficient to confer subject matter jurisdiction.

Plaintiff fails to satisfy his burden establishing that this Court has subject matter jurisdiction. Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

**II. Motion For Leave to File a Surreply**

Plaintiff seeks leave to file a surreply. Plaintiff contends a surreply is necessary because Defendant included in its reply "a letter from a regional office of the NCUA" and "raises new arguments not made in its [motion to dismiss] and misstates the application of [Grable]." Mot. to File Surreply, pp. 1-2.

Under Local Rule 7(e)(3), no briefing after a reply is allowed unless directed by the Court. Plaintiff offers no compelling reason supporting a surreply. I do not consider the letter attached to Defendant's reply when determining that this Court lacks subject matter jurisdiction. Furthermore, contrary to Plaintiff's assertion, Defendant does not raise new arguments in its reply and does not misstate the application of Grable. Plaintiff's motion for leave to file a surreply is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7 - OPINION & ORDER

## CONCLUSION

Defendant's motion to dismiss (doc. #4) is GRANTED without prejudice and Plaintiff's motion for leave to file a surreply (doc. #18) is DENIED. Pending motions, if any, are DENIED as moot.

IT IS SO ORDERED.

Dated this 20 day of May, 2013.

MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER